MAGDALENA BERMÚDEZ RODRÍGUEZ, Appellant, v. REGISTRAR OF PROPERTY OF MAYAGÜEZ, Respondent.

No. 809. Argued April 23, 1930.—Decided July 22, 1930.

*De la Torre & Ramírez* and *A. Ramírez* for appellant. The registrar appeared by brief.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

Buenaventura Ortiz de Renta, through Buenaventura Cancel, appeared before notary public Mariano Riera Palmer on March 16, 1901, and by a deed assigned, transferred and set over to Abdón Ortiz de Renta all her rights and interests in the estate of her parents. Abdón Ortiz de Renta, who also appeared, accepted the contract, which set forth the sum of $1,500 as the consideration for the assignment.

It appears that this instrument was recorded in the registry of property subject to the curable defects of a failure to exhibit the power of attorney granted in favor of Cancel and of the omission to state the civil status of Buenaventura Ortiz. In this situation, and for the purpose of curing the defects noted, there was presented in the registry a new copy of the instrument of assignment together with the said power of attorney, which is contained in a public deed executed on March 8, 1898, before said notary Riera Palmer. The registrar rejected the attempted correction because, as he observed, "said power of attorney number 697 herein is subject to an incurable defect in that, since the attesting notary stated that the grantor Buenaventura Ortiz de Renta y Cuebas did not know how to sign and witness Fernando Vázquez did so at her request, the latter should have signed for her, writing in his own hand and over his signature that he signed for himself as a witness and in the name of said grantor, and inasmuch as it does not appear

from the aforesaid instrument that he thus signed, his signature produces no legal effect and, therefore, said power of attorney is void and ineffective as it infringes article 53 of the Notarial Regulations of October 29, 1873, in force at the time of the execution of said instrument; all in accordance with the jurisprudence set forth in the cases of *Rodríguez v. Registrar,* 14 P.R.R. 715 and *Villanueva et al. v. Registrar,* 18 P.R.R. 801.''

The decision of the registrar · refusing the correction sought bears date of November 14 and was notified on December 3, 1929, to the party who presented the documents.

The time available to that party for taking an appeal to this court expired without her doing anything. It was not until March 24, 1930, that she applied to the registrar for a reconsideration of the said decision on the ground that the power of attorney was valid according to the holding of this court in *Náter et al. v. Navedo et al.,* 39 P.R.R. 710. The registrar refused to reconsider his decision as follows:

''The undersigned registrar of property holds the view that the said reconsideration does not lie and ratifies his decision of November 14, 1929, above referred to, because the theory therein involved is not the same as that of the case above cited; and he further states that no case has been decided by the Supreme Court of Puerto Rico, subsequently to those cited in the aforesaid decision herein ratified, that might disturb the rule of *stare decisis* which makes them binding; and no cautionary notice is entered because such notice is not renewable. However, the ratified decision and the present one are notified anew so that an appeal may be taken therefrom.''

Thereupon the party concerned took the present administrative appeal, in which the first question that arises is whether or not, in view of the fact that the time for taking an appeal from the decision of November 14, 1929, was allowed to expire, said decision could now be reviewed by · virtue of the appeal taken from the denial of the reconsideration sought. In view of the jurisprudence heretofore estab-

lished by this court, it can not be reviewed; but even if it could, the said decision would have to be affirmed.

In *Behn* v. *Registrar*, 21 P.R.R. 486, which was an administrative appeal, it was held that—

"When, as in the case at bar, a document is presented in the registry of property for record and admission thereof is denied and the interested party fails to appeal therefrom within the legal period, his acquiescense therein is taken for granted and if said party presents the deed anew accompanied by other documents which, in his judgment, cure the defects assigned by the registrar, then, and in case the registrar insists in his denial, the interested party may appeal to this court; but in such appeal the court can only determine whether the defects assigned in the first decision acquiesced in were or were not properly cured."

In accordance with the above rule the action of this court must be confined to determining whether the citation of *Náter et al.* v. *Navedo et al., supra*, constitutes a correction of the defects noted by the registrar.

This question is illustrated but not decided by that case. A Royal Order, which the appellant has invoked in her brief, is really what might perhaps be of decisive importance in the matter, and said Royal Order was not timely cited to the registrar.

Now, neither the registry nor this court, as the case may be, has fully closed its doors. A contract is involved. One of the parties thereto attempted to correct the defects noted in the first record thereof sought. The registrar rejected the correction and the party acquiesced. So far as that party is concerned, the matter is closed. But there is the other party, who is entitled to apply for a new record of the contract, free of any defects, and also to have the registrar consider his case separately.

In saying this, we rely upon the decision in *People* v. *Registrar*, 22 P.R.R. 746, in which it was held, to quote from the syllabus: "When an administrative decision is acquiesced in by the appellant, he must abide by the consequences of his

acts. . . . . The dismissal of an administrative appeal for failure of the appellant to bring the same in time is understood to be without prejudice to the rights of other interested parties who have not applied to the registry for admission of the same instrument or taken an administrative appeal from the decision of the registrar."⸴ See *Colonial Company* v. *Registrar,* decided on September 28, 1900.

By reason of all the foregoing, the decision appealed from must be affirmed.

Mr. Justice Wolf dissented.